UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

| | |
|---|---|
| Andrea L. Morrow,<br><br>        Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc. and Diversified Consultants, Inc.,<br><br>        Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This cause of action arises out of events occurring in this District, venue is proper in this Court, and this Court has jurisdiction pursuant to 15 U.S.C. §1692k, 15 U.S.C. § 1681 *et seq.* and 28 U.S.C §§ 1331.

## PARTIES

2. Plaintiff Andrea L. Morrow ("Morrow") is a natural person who resides in the City of Blaine, County of Anoka, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. Defendant Experian Information Solutions, Inc. (hereinafter "Defendant Experian") is incorporated under the laws of Texas, with a principal place of business at 601 Experian Parkway, Allen, TX 75013-3701, and is authorized to do business in Minnesota. Defendant Experian is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling,

1

evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in § 1681a(d) of the Act, to third parties.

4. Defendant Diversified Consultants, Inc. (hereinafter "Defendant Diversified") is a corporation with its headquarters and registered office located at 10550 Deerwood Park Boulevard #309, Jacksonville, Florida 32256. Defendant Diversified is a "debt collector" as defined by 15 U.S.C. § 1692a(6), a "person" as defined by 15 U.S.C. § 1681a(b), and a "furnisher" of credit information as that term is defined pursuant to 15 U.S.C. § 1691s-2.

## FACTUAL ALLEGATIONS

5. Plaintiff had a cellular telephone contract with Sprint for personal, family and household purposes thereby creating a "debt" as that term is defined by 15 U.S.C. §1692a(5).

6. Plaintiff canceled her Sprint contract and paid the amount due and owing on the account.

7. Sprint, however despite receiving final payment on the account, sold or transferred the account to Virtuoso Sourcing Group who in turn sold it to Enhanced Recovery Company (hereinafter "Enhanced"), both collection agencies, which began reporting on Plaintiff's Experian credit profile.

8. In June of 2011, Plaintiff disputed the Sprint/Virtuoso collection account with Experian.

9. Experian investigated the Plaintiff's dispute concerning the Sprint/Virtuoso collection account and came to the conclusion that account should be deleted from Plaintiff's credit file on or about June 16, 2011.

10. Unfortunately, the Sprint account did not die and instead Experian reported the Enhanced account on Plaintiff's credit profile at our about the same time despite the fact that Experian knew or should have known the accounts were related or pertaining to same Sprint debt.

11. In June of 2012, Plaintiff disputed the Sprint/Enhanced collection account with Experian.

12. Experian investigated the Plaintiff's dispute concerning the Sprint/Enhanced collection account and came to the conclusion that account should be deleted from Plaintiff's credit file on or about July 24, 2012.

13. Upon information and belief, Enhanced sold the already paid and disputed Sprint account to Defendant Diversified.

14. Defendant Diversified then began reporting the collection account to Plaintiff's Experian credit report.

15. Plaintiff notified Defendant Diversified directly of her dispute concerning the collection of the paid Sprint account.

16. Defendant Diversified has record of the Plaintiff's dispute.

17. Defendant Diversified however failed to update its reporting of Plaintiff's account as "disputed" in violation of 15 U.S.C. §1692e(8) and §1692f.

18. On or around November of 2013, Plaintiff sent Defendant Experian a written dispute in accordance with 15 U.S.C. § 1681i explaining in detail the history of the old Sprint account and requesting the related reporting of Diversified be removed.

19. Plaintiff provided Experian with documents showing the previously results from Experian's previous investigations into the same Sprint collection account.

20. Plaintiff's Experian credit report showed the Defendant Diversified collection account bearing account number "1413XXXX" in the amount of $601.00.

21. Defendant Experian received Plaintiff's November 2013 dispute.

22. Defendant Experian then forwarded to Defendant Diversified notice of Plaintiff's dispute.

23. Defendant Diversified failed to conduct a reasonable investigation into the dispute received from Experian and verified the account as being accurate and specifically failed to update the account as "disputed" in violation of 15 U.S.C. §1681s-2(b).

24. Upon information and belief, Defendant Diversified failed to trace the history of the account or call the original creditor Sprint concerning Plaintiff's dispute.

25. Defendant Experian, in a letter dated November 12, 2013, wrote back to Plaintiff and informed her that the disputed Diversified account "1413XXXX" would remain on her credit report.

26. Upon information and belief, Defendant Experian failed to conduct a reasonable investigation of the Defendant Diversified account and as a result violated 15 U.S.C. § 1681i when it failed to trace the history of the account or review previous investigation results wherein Experian deleted the same Sprint collection account.

27. Plaintiff has been denied credit due to Defendants' inaccurate credit reporting thereby causing Plaintiff actual out of pocket damages and loss.

28. Plaintiff has filed a complaint with the FTC concerning Defendants inaccurate reporting which has resulted in Plaintiff suffering out of pocket loss and damage.

29. Defendants' continued erroneous reporting has caused Plaintiff to suffer emotional distress, despair, anxiety, and loss of sleep.

30. The Defendant Diversified tradeline was the only collection tradeline appearing on Plaintiff's Experian credit profile and is being reported to other current and potential creditors.

31. Defendant Experian failed to follow reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report when it published this report to other current and potential creditors, in violation of 15 U.S.C. § 1681e(b).

32. As a result of Defendants' failures, the inaccurate and extremely negative Defendant Diversified tradeline remains on Plaintiff's credit report and continues to damage her credit score and profile.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. §1681, *et seq*. AGAINST DEFENDANT EXPERIAN

34. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

35. Defendant Experian willfully violated 15 U.S.C. §§ 1681e(b) and 1681i by failing to follow reasonable procedures to assure maximum possibly accuracy of the information contained in Plaintiff's credit report that were produced to third parties, including current and potential creditors and failing to reasonably investigate Plaintiff's disputes.

36. As a result of Defendant Experian's numerous violations of the FCRA, Plaintiff has suffered actual damages not limited to out of pocket expenses, detriment to her credit rating, emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

37. Defendant Experian's conduct, actions and inactions, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act.

38. Alternatively, Defendant Experian's violations were negligent, rendering it liable for damages under § 1681o of the Act.

39. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT –

## 15 U.S.C. § 1681, *et seq*. AGAINST DEFENDANT DIVERSIFIED

40. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

41. Defendant Diversified is a subscriber to the major credit reporting agencies.

42. Defendant Diversified prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

43. Defendant Diversified communicated false consumer information regarding Plaintiff to the credit reporting agencies and other third parties such as current and potential creditors.

44. Defendant Diversified willfully violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, and failing to review all relevant information available to it.

45. Defendant Diversified willfully violated 15 U.S.C. § 1681s-2(a) (a)(2)(3) by failing to report the Sprint information as "disputed" despite knowing Plaintiff disputed the negative account history information provided by Defendant Diversified to credit reporting agencies, and Plaintiff's current and potential creditors.

46. Defendant Diversified's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

47. Plaintiff is entitled to recover costs and attorney's fees from Defendant Diversified in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III.

## CREDIT DEFAMATION AGAINST DEFENDANT DIVERSIFIED

48. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

49. Defendant Diversified maliciously communicated to several parties including credit reporting agencies that Plaintiff had an account with Sprint and that it was past due when it knew or should have known that she was not.

50. Defendant Diversified's false communications, acts and omissions resulted, in defamation of the Plaintiff.

51. Defendant Diversified's false communications, acts and omissions harmed the reputation of Plaintiff.

52. Defendant Diversified's false communications were the type that would and/or did deter third persons from associating or dealing with Plaintiff.

53. Defendant Diversified's communications were the type that would injure Plaintiff's character, or subject her to ridicule, contempt, distrust, or would degrade her in the eyes of another.

54. Plaintiff has been seriously damaged as a result and is entitled to damages, costs and attorneys' fees.

## COUNT IV.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692k AGAINST DEFENDANT DIVERSIFIED

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Defendant Diversified violated numerous and multiple provisions of the FDCPA in its conduct towards Plaintiff, including but not limited to each and every provision cited in this Complaint.

57. Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to recovery of actual damages for mental distress and emotional upset, statutory damages of $1,000 each, and costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
- awarding Plaintiff litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
- statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
- costs and reasonable attorney's fees pursuant 15 U.S.C. §1681 *et seq.*;
- actual damages for emotional distress and out of pocket losses as a result of the FCRA violations in an amount to be determined at trial;
- actual damages, costs and attorney's fees for credit defamation; and,
- for such other and further relief as may be just and proper.

Dated this 30th day of January, 2014.     Respectfully submitted,

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr. (#0249646)
*ATTORNEY FOR PLAINTIFF*
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court

            Vadnais Heights, MN  55127
            Telephone:  (651) 770-9707
            Facsimile: (651) 704-0907
            tommycjc@aol.com

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF <u>ANOKA</u>            )

  I, Andrea L. Morrow, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                s/Andrea L. Morrow
                Andrea L. Morrow

Subscribed and sworn to before me
this <u>29th</u> day of January, 2014.

s/Theresa Lynn Fleming
Notary Public

11