UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANDREA L. MORROW,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., and DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

Case No. 0:14-cv-00282-ADM-SER

**DEFENDANT DIVERSIFIED CONSULTANTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

---

COMES NOW Diversified Consultants, Inc. ("Diversified") and, for its answer to the Plaintiff's Complaint (Doc. 1, "Complaint"), admits, denies, and avers as follows:

## JURISDICTION

1.    Paragraph 1 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Diversified denies the same. Responding further, Diversified admits that venue is proper in this Court; admits that this court has original jurisdiction over Plaintiff's alleged FDCPA and FCRA claims; but denies the remaining allegations in paragraph 1

## PARTIES

2.    Paragraph 2 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Diversified denies the same. Diversified is without information sufficient to either admit or deny the remaining allegations of paragraph 2.

3.    Diversified is without information sufficient to either admit or deny the allegations in paragraph 3, and therefore denies the same.

4. Diversified admits it is a corporation and has a business address as stated in Paragraph 4. The remaining allegations in paragraph 4 are legal conclusions that are not subject to admission or denial; to the extent a response is required, Diversified denies the same.

## FACTUAL ALLEGATIONS

5. Diversified is without information sufficient to either admit or deny the allegations in paragraph 5, and therefore denies the same.

6. Diversified is without information sufficient to either admit or deny the allegations in paragraph 6, and therefore denies the same.

7. Diversified is without information sufficient to either admit or deny the allegations in paragraph 7, and therefore denies the same.

8. Diversified is without information sufficient to either admit or deny the allegations in paragraph 8, and therefore denies the same.

9. Diversified is without information sufficient to either admit or deny the allegations in paragraph 9, and therefore denies the same.

10. Diversified is without information sufficient to either admit or deny the allegations in paragraph 10, and therefore denies the same.

11. Diversified is without information sufficient to either admit or deny the allegations in paragraph 11, and therefore denies the same.

12. Diversified is without information sufficient to either admit or deny the allegations in paragraph 12, and therefore denies the same.

13. Responding to paragraph 13, Diversified admits only that a Sprint account in Plaintiff's name was placed with Diversified.

14. Diversified admits the allegations in paragraph 14.

15. Diversified denies the allegations in paragraph 15.

16. Diversified denies the allegations in paragraph 16.

17. Paragraph 17 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Diversified denies the same.

18. Diversified is without information sufficient to either admit or deny the allegations in paragraph 18, and therefore denies the same.

19. Diversified is without information sufficient to either admit or deny the allegations in paragraph 19, and therefore denies the same.

20. Responding to paragraph 20, Diversified admits only that its account related to Plaintiff bears a number starting "1413" in the amount of $601.03.

21. Diversified is without information sufficient to either admit or deny the allegations in paragraph 21, and therefore denies the same.

22. Diversified is without information sufficient to either admit or deny the allegations in paragraph 22, and therefore denies the same.

23. Paragraph 23 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Diversified denies the same.

24. Diversified denies the allegations in paragraph 24 on the basis that it assumes that such actions were required.

25. Diversified is without information sufficient to either admit or deny the allegations in paragraph 25, and therefore denies the same.

26. Diversified is without information sufficient to either admit or deny the allegations in paragraph 26, and therefore denies the same.

27. Diversified is without information sufficient to either admit or deny the allegations in paragraph 27, and therefore denies the same.

28. Diversified is without information sufficient to either admit or deny the allegations in paragraph 28, and therefore denies the same.

29. Diversified is without information sufficient to either admit or deny the allegations in paragraph 29, and therefore denies the same.

30. Diversified is without information sufficient to either admit or deny the allegations in paragraph 30, and therefore denies the same.

31. Diversified is without information sufficient to either admit or deny the allegations in paragraph 31, and therefore denies the same.

32. Diversified is without information sufficient to either admit or deny the allegations in paragraph 32, and therefore denies the same.

## TRIAL BY JURY

33. Diversified acknowledges Plaintiff's right to a trial by jury on all issues so triable.

## CAUSES OF ACTION

### COUNT I.

### ALLEGED VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.* AGAINST DEFENDANT EXPERIAN

34. Diversified incorporates by reference paragraphs 1 through 33 above.

35. Diversified is without information sufficient to either admit or deny the allegations in paragraph 35, and therefore denies the same.

36. Diversified is without information sufficient to either admit or deny the allegations in paragraph 36, and therefore denies the same.

37. Diversified is without information sufficient to either admit or deny the allegations in paragraph 37, and therefore denies the same.

38. Diversified is without information sufficient to either admit or deny the allegations in paragraph 38, and therefore denies the same.

39. Diversified is without information sufficient to either admit or deny the allegations in paragraph 32, and therefore denies the same.

## COUNT II.

### ALLEGED VIOLATION OF THE FAIR CREDIT REPORTING ACT –

### 15 U.S.C. § 1681, *et seq.* AGAINST DEFENDANT DIVERSIFIED

40. Diversified incorporates by reference paragraphs 1 through 39 above.

41. Diversified admits the allegations in paragraph 41.

42. Paragraph 42 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Diversified denies the same.

43. Diversified denies the allegations in paragraph 43.

44. Diversified denies the allegations in paragraph 44.

45. Diversified denies the allegations in paragraph 45.

46. Diversified denies the allegations in paragraph 46.

47. Diversified denies the allegations in paragraph 47.

## COUNT III.

### ALLEGED CREDIT DEFAMATION AGAINST DEFENDANT DIVERSIFIED

48. Diversified incorporates by reference paragraphs 1 through 47 above.

49. Diversified denies the allegations in paragraph 49.

50. Diversified denies the allegations in paragraph 50.

51. Diversified denies the allegations in paragraph 51.

52. Diversified denies the allegations in paragraph 52.

53. Diversified denies the allegations in paragraph 53.

54. Diversified denies the allegations in paragraph 54.

## COUNT IV.

## ALLEGED VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT –

## 15 U.S.C. § 1692k AGAINST DEFENDANT DIVERSIFIED

55. Diversified incorporates by reference paragraphs 1 through 54 above.

56. Diversified denies the allegations in paragraph 56.

57. Diversified is without information sufficient to either admit or deny the allegations in paragraph 57, and therefore denies the same.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of laches, waiver, and/or estoppel.

3. Diversified acted in good faith with reasonable grounds to believe that its actions were not in violation of law, including the FCRA or the FDCPA, and the actions were unintentional and/or were the result of a bona fide error as defined in the FDCPA.

4. Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate her damages, the existence of which damages Diversified specifically denies.

5. Diversified did not act in willful disregard of any requirements of any law.

6. To the extent it is determined that Diversified violated the FCRA and/or the FDCPA, which Diversified specifically denies, any award of damages or attorneys' fees would be improper because any such violation would be *de minimis*, inconsequential and not material.

7. Plaintiff's claims are barred to the extent she agreed to arbitrate her claims.

8. Diversified reserves the right to add further affirmative defenses as discovery and litigation of this case progresses.

WHEREFORE, having fully responded to the allegations contained in the Complaint, Diversified prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

Dated this 14th day of March, 2014.

> MOSS & BARNETT
> A Professional Association
>
> s/ Michael S. Poncin
> Michael S. Poncin (Minn. Bar #296417)
> James R. Bedell (Minn. Bar #351544)
> Attorneys for Defendant
> **Diversified Consultants, Inc.**
> 4800 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, Minnesota 55402
> (612) 877-5000
> Fax: (612) 877-5999
> poncinm@moss-barnett.com
> bedellj@moss-barnett.com