**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 14-cv-282 ADM/SER**

| | |
|---|---|
| Andrea Morrow,<br><br>            Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc. and Diversified Consultants, Inc.,<br><br>            Defendants. | **RULE 26(f) REPORT** |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f), on April 29, 2014, and prepared the following report.

The pretrial conference in this matter is scheduled for May 7, 2014, at 10:00 a.m. before the United States Magistrate Judge Steven E. Rau in Chambers in Room 334, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

    **1.**    **Date and Place of the Meeting; Identification of the Parties and Their Attorneys: Agenda of Matters for Pretrial Conference.**

           a.    The date and place at which the meeting was held;

                **The undersigned attorneys for the Plaintiff and Defendant met on April 29, 2014 by telephone and thereafter via e-mail.**

           b.    Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting:

                **Plaintiff Andrea Morrow represented by Thomas J. Lyons, Jr., Esq., Consumer Justice Center, P.A. 367 Commerce Court, Vadnais Heights, MN 55127.**

        **Defendant Diversified Consultants, Inc. represented by Michael Poncin, Esq. Moss & Barnett, P.A., 4800 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402.**

        **Defendant Experian Information Solutions, Inc. represented by Sergio A. Tostado (OH #0088376), Jones Day, 325 John H. McConnell Blvd., Suite 600, Columbus, OH 43215-2673.**

    c.    Name of insurance carriers that may be liable for the defense or payment of any damage award; and

        **Defendant Experian: Experian is self-insured for the claims and defense in this action.**

        **Defendant Diversified: Diversified is Self-Insured**

    d.    An agenda of matters to be discussed at the Pretrial Conference.

- **Case Management;**
- **Potential for early resolution; and**
- **Protective Order.**

**2.    Description of the Case**

    a.    A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

        **Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for pendent state law claims.**

    b.    A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

        **Plaintiff brings this action against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and of Defendant Diversified's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Credit Defamation.**

    **Defendant Experian: Defendant Experian is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, it maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and it complained with the requirements of the FCRA with respect to Plaintiff. Experian furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Experian.**

    **Defendant Diversified: Diversified denies that it violated any law and restates its affirmative defenses as set forth in its answer.**

  c. A summary itemization of the dollar amount of each element of the alleged damages.

    **Plaintiff has prayed for the following damages:**
- **awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);**
- **awarding Plaintiff litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);**
- **statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681** *et seq.***;**
- **costs and reasonable attorney's fees pursuant 15 U.S.C. §1681** *et seq.***;**
- **actual damages for emotional distress and out of pocket losses as a result of the FCRA violations in an amount to be determined at trial; and**
- **actual damages, costs and attorney's fees for credit defamation.**

3. **Pleadings**

  a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

    **Plaintiff's Complaint and Defendants' Answers have been filed.**

  b. The date by which all motions that seek to amend the pleadings to add parties, claims and defenses will be filed; and

    **July 1, 2014**

    c.      Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

           **Plaintiff demanded a jury trial.  A jury trial is available under the law.**

**4.**    **Discovery Plan** (If the parties are unable to agree on a discovery plan, the Report shall separately set forth each party's proposed plan.) Such a plan shall include such matters as focusing the initial discovery on preliminary issues that might be case dispositive or might lead to early settlement discussions, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery, and any other matters counsel may agree upon to control litigation costs and delay.

    a.      Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed); **May 7, 2014**

    b.      Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced; **No.**

    c.      Whether discovery should be conducted in phases or limited to, or focused upon, particular issues; **No.**

    d.      How the parties propose handling any issues relating to the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced; **Production format shall be in Portable Document Format (.pdf) unless otherwise discussed and agreed.**

    e.      How the parties propose handling claims of privilege and protection of trial preparation material; **The parties agree to enter into a mutually agreeable protective order.**

    f.      How the parties propose handling the protection of confidential information; **The parties agree to enter into a mutually agreeable protective order.**

    g.      The date by which each party disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B) including rebuttal experts:

>   **Plaintiffs' expert disclosures – November 1, 2014**
>   **Defendants' rebuttal expert disclosures – November 15, 2014**

   h.   Whether changes should be made in the limitation on discovery imposed by the Federal Rules of Procedure or the Local Rules, and what other limitations should be imposed, if any; **None.**

   i.   The number of interrogatories each party shall be permitted to serve including subparts; **25.**

   j.   The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take; **5.**

   k.   The number of expert depositions each party shall be permitted to take. **All experts may be deposed.**

5. **Close of Fact and Expert Discovery and Non-Dispositive Motions**

   a.   The date by which all discovery shall be completed; **November 1, 2014.**

   b.   The date by which all expert discovery, including expert depositions, shall be completed; **January 15, 2014**

   c.   The date by which any independent medical examination shall be completed and the report served on the opposing party; and **N/A**

   d.   The date by which all non-dispositive motions shall be served, filed ad heard by the Court. **February 1, 2014.**

6. **Dispositive Motions and Trial**

   a.   Date by which all dispositive motions shall be served, filed and heard by Court; **April 1, 2015.**

   b.   Date by which case will be ready for trial; **After June 1, 2015.**

   c.   The number of expert witnesses each party expects to call at trial; **All experts identified by the parties**.

   d.   Estimated trial time (the number of days needed for trial, including jury selection and instructions, if applicable). **Three (3) days**.

Dated: April 30, 2014                    **ATTORNEY FOR PLAINTIFF**

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr. (#0249646)
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

Dated: April 30, 2014                    **ATTORNEYS FOR DEFENDANT DIVERSIFIED CONSULTANTS**

By: s/Michael S. Poncin
Michael S. Poncin (Minn. Bar #296417)
James R. Bedell (Minn. Bar #351544)
Attorneys for Defendant
**Diversified Consultants, Inc.**
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 877-5000
Fax: (612) 877-5999
poncinm@moss-barnett.com
bedellj@moss-barnett.com

Dated: April 30, 2014                    **ATTORNEYS FOR DEFENDANT EXPERIAN**

By: s/Sergio A. Tostado
Gregory J. Myers (MN #287398)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: gjmyers@locklaw.com

        Sergio A. Tostado (OH #0088376),
*admitted*
*pro hac vice*
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215-2673
Telephone: (614) 281-3939
Facsimile: (614) 461-4198
E-mail: stostado@jonesday.com